UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 16-10215-RWZ-3

NUNO FONSECA

v.

UNITED STATES OF AMERICA

<u>MEMORANDUM & ORDER</u>

February 10, 2020

ZOBEL, S.D.J.

Petitioner Nuno Fonseca moves for collateral relief under 28 U.S.C. § 2255, arguing he received ineffective assistance of counsel in connection with his September 5, 2018, resentencing (Docket # 272).

## I. Background

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine (count I) and heroin, acetylfentanyl, and fentanyl (count III) in violation of 21 U.S.C. 846 and was originally sentenced to 130 months imprisonment and five years of supervised release. Shortly after sentencing, one of the prior state convictions that had influenced his criminal history category was vacated.

As a result, defendant petitioned under 28 U.S.C. § 2255 for a lesser sentence to reflect his newly reduced criminal history category and guidelines range. His motion


also challenged the sufficiency of the evidence supporting the court's findings regarding the quantity of drugs involved in the crime.

The government agreed that the vacatur of defendant's prior conviction entitled him to a resentencing within a lower guidelines range. At the resentencing hearing on September 5, 2018, the court reduced his sentence to 120 months imprisonment with five years of supervised release. But the court declined defendant's invitation to revisit the drug accounting because no appeal had been filed and the court lacked the power to modify its findings.

Defendant now brings a second petition under 28 U.S.C. § 2255 in which he claims that his counsel, Robert J. Galibois, was deficient for failing to appeal his revised sentence. In particular, he contends that after he was initially sentenced to 130 months imprisonment, counsel advised him to hold off on a direct appeal and to instead pursue an immediate 2255 petition. According to defendant, his counsel advised him "that once he is granted the new sentencing, he (Galibois) would re-visit the drug amount issue and in the event that he was unsuccessful, he would then bring the argument to the Court of Appeals." Docket # 272 at 2. In his declaration, defendant asserts that he and his attorney "came to an understanding that if I did not receive the 92 month sentence requested in front of Judge Rya W. Zobel, he would file a notice of Appeal and take my issues to the Appellant [sic] Court." Docket # 272-1. This court declined to revisit the drug amount issue and re-sentenced defendant to 120 months imprisonment. However, defendant's counsel did not file a Notice of Appeal and he allegedly stopped

responding to defendant. This failure to file a Notice of Appeal is the basis for defendant's current claim of ineffective assistance of counsel.

## II. Legal Standard

To prevail, he must show (1) deficient performance of counsel, and (2) resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, defendant bears the burden to show that "counsel's representation fell below an objective standard of reasonableness," judged by reference to "prevailing professional norms" and "viewed as of the time of counsel's conduct." Id. at 687-90. And under the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "[A] reviewing court need not address both requirements if the evidence as to either is lacking." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007).

## III. Discussion[1]

An attorney's representation is deficient if he or she "'disregards specific instructions from the defendant to file a notice of appeal,'" or "fails (under certain circumstances) to consult with the defendant about an appeal." Rojas-Medina v. United States, 924 F.3d 9, 15 (1st Cir. 2019) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477

---

[1] The government's arguments for rejecting the petition before reaching the merits miss the mark. First, the government is correct that there is no right to counsel at collateral proceedings, but defendant is challenging counsel's performance at resentencing—a critical stage where the right to counsel attaches. E.g., Duharte v. Sec'y, Dep't of Corr., 448 F. App'x 959, 963 (11th Cir. 2011). And, although this is defendant's second 2255 petition, it is his first challenging his revised sentence. Accordingly, the petition is not second or successive and need not be certified by the court of appeals. Magwood v. Patterson, 561 U.S. 320, 331-40 (2010).

(2000)).  The duty to consult arises when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Flores-Ortega, 528 U.S. at 480.

Defendant's account suggests that he conveyed to his counsel his interest in appealing and that a consultation occurred.  Yet it is unclear whether counsel satisfied the requirements for a consultation by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes," nor do we know whether defendant ultimately instructed counsel to file a notice of appeal.  Id. at 478.  The success of defendant's petition turns on these unknown facts.

Accordingly, defendant's prior counsel, Robert J. Galibois, shall file a declaration recounting his consultation(s) with defendant regarding whether and when to pursue an appeal, including: (1) whether attorney Galibois advised defendant about the advantages and disadvantages of appealing his sentence, and (2) whether defendant clearly instructed attorney Galibois to file a notice of appeal on his behalf.  Likewise, defendant may supplement his initial declaration with his recollection of the above details regarding his consultation(s) with attorney Galibois.[2]  Both declarations shall be

---

[2] Defendant impliedly waives attorney-client privilege over communications with his attorney communications relevant to adjudication of his claim of ineffective assistance of counsel.  United States v. Goodwyn, 797 F. Supp. 2d 177, 182 (D. Mass. 2011).

filed within 30 days from the entry of this order.  Finally, the defendant's motion for default (Docket # 283) is DENIED.

SO ORDERED.

| | |
|---|---|
|  February 10, 2020  <br> DATE |  /s/ Rya W. Zobel  <br> RYA W. ZOBEL <br> SENIOR UNITED STATES DISTRICT JUDGE |