UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 16-CR-10215-RWZ-3

NUNO FONSECA

v.

UNITED STATES OF AMERICA

MEMORANDUM & ORDER

June 17, 2020

ZOBEL, S.D.J.

Petitioner Nuno Fonseca moves for collateral relief under 28 U.S.C. § 2255, arguing he received ineffective assistance of counsel in connection with his September 5, 2018 resentencing (Docket # 272).

## I. Background

Petitioner pled guilty to an indictment that charged him with conspiracy to distribute and possess with intent to distribute cocaine (count I) and heroin, acetylfentanyl, and fentanyl (count III) in violation of 21 U.S.C. § 846. He was originally sentenced to 130 months imprisonment and five years of supervised release.

At his first sentencing on June 27, 2017, petitioner disputed the sufficiency of the evidence to support the court's finding of the quantity of drugs involved in the crime. The court had determined that the government met its burden of proof on the drug weight based on, *inter alia*, telephone calls between defendant and his co-defendants

about the amount of cocaine defendant requested and sold.  Petitioner did not appeal the sentence and the court's underlying determination of the drug quantity.

Shortly after the June 27, 2017 sentencing, one of petitioner's prior state convictions that had dictated his criminal history category was vacated.  He petitioned under 28 U.S.C. § 2255 for a lesser sentence to reflect his reduced criminal history category and guideline range.  The government agreed that the vacatur of defendant's prior conviction entitled him to resentencing within a lower guideline range.  At the resentencing hearing on September 5, 2018, petitioner again raised the drug quantity, which the court declined to entertain as it was beyond the scope of that proceeding.  The court did, however, reduce his sentence to 120 months imprisonment with five years of supervised release.

Mr. Fonseca now brings a second petition under 28 U.S.C. § 2255 in which he claims that his counsel was deficient for failing to appeal the revised sentence and seeks leave from this court to file an appeal based on the sufficiency of the drug quantity evidence that led to his original sentence.

On February 10, 2020, this court issued an order (Docket # 284) requesting that petitioner's counsel file a declaration recounting his consultation(s) with petitioner regarding whether and when to pursue an appeal, including: (1) whether counsel advised petitioner about the advantages and disadvantages of appealing his sentence, and (2) whether petitioner clearly instructed counsel to file a notice of appeal on his behalf.  The court allowed petitioner to supplement his initial declaration with his recollection of the above details regarding his consultation(s) with counsel.  Petitioner

and counsel have since filed their declarations (Docket # 285 and Docket # 286, respectively) and the motion (Docket # 272) is ripe for decision.

## II.     Legal Standard

To prevail on an ineffective assistance of counsel claim, petitioner must show (1) deficient performance of counsel and (2) resulting prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Under the first prong, he bears the burden to show that "counsel's representation fell below an objective standard of reasonableness," judged by reference to "prevailing professional norms" and "viewed as of the time of counsel's conduct."  Id. at 687-90.  Under the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "[A] reviewing court need not address both requirements if the evidence as to either is lacking."  Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007).

## III.    Discussion

An attorney's representation is deficient if he "'disregards specific instructions from the defendant to file a notice of appeal,'" or "fails (under certain circumstances) to consult with the defendant about an appeal."  Rojas-Medina v. United States, 924 F.3d 9, 15 (1st Cir. 2019) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)).  The court reviewed petitioner's supplemental declaration and counsel's declaration to determine whether counsel satisfied the requirements for a consultation by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a

reasonable effort to discover the defendant's wishes" and whether defendant ultimately instructed counsel to file a notice of appeal. Flores-Ortega, 528 U.S. at 478 (2000).

At the June 27, 2017 sentencing hearing, this court concluded that petitioner was not a Career Offender. Based on that finding, the sentencing guideline ranged from 130 to 162 months. Petitioner was sentenced to 130 months. Counsel states that Mr. Fonseca was aware and understood that "any appeal challenge would provide an avenue for the Government to seek the much harsher sentence of 188-235 months . . . consistent with a finding that Mr. Fonseca is a Career Offender." Docket # 286, at 20-21. The government objected to this court's Career Offender ruling and counsel notes that the Probation Department deemed petitioner a Career Offender. Docket # 286, at 14. An appeal would have allowed him to challenge the sufficiency of evidence regarding the quantity of drugs, but it also would have exposed him to the risk of a guideline range of at least 68 additional months if the court of appeals reversed this court's ruling regarding his Career Offender status. Counsel explains that petitioner attempted to persuade this court to reconsider the drug weight finding at the resentencing to avoid the "real" possibility of a higher sentence on appeal. Docket # 286, at 23.

Nothing in petitioner's declaration disputes these facts. To the contrary, petitioner states in his motion (Docket # 272) that after the first sentencing hearing, he "decided to hold [] his direct appeal and file an immediate 28 U.S.C. § 2255." Docket # 272, at 1. He states in his supplemental declaration (Docket # 285) that he instructed his counsel to file an appeal based on the resentencing and that counsel failed to comply. However, the drug quantity issue that petitioner sought to appeal was not

properly before this court at resentencing. The time to appeal the sufficiency of evidence was after the first sentencing. Petitioner made the decision to waive the appeal with the reasoned advice of counsel about the advantages and disadvantages.

### IV.     Conclusion

The second petition under 28 U.S.C. § 2255 (Docket #272) is DENIED.

The denial of the second § 2255 petition is based on my determination that counsel provided sound advice to petitioner regarding the disadvantages of an appeal from the first sentence. Reasonable judges may disagree. Accordingly, a certificate of appealability is hereby issued.

_____June 17, 2020_____                    _____/s/ Rya W. Zobel_____
              DATE                                              RYA W. ZOBEL
                                                         UNITED STATES DISTRICT JUDGE